U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 FEB -9 PM 12: 27

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JOSEPH P. LITTLEJOHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:14-cv-200 |
| ) | |
| TIMBERQUEST PARK AT MAGIC, LLC, ) | |
| and CORPORATE CHALLENGE, INC., ) | |
| d/b/a ADVENTURE MÁS, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER RE:
PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND DEFENDANT'S MOTION
FOR ENTRY OF JUDGMENT UNDER RULE 54(B)
(Docs. 83 & 91)**

Plaintiff moves to compel Defendant TimberQuest Park at Magic, LLC ("TimberQuest") to arbitrate. (Doc. 83.) TimberQuest moves for entry of judgment under Federal Rule of Civil Procedure 54(b). (Doc. 91.) A hearing was held on January 28, 2016, at which time the court took the motions under advisement. For the reasons that follow, Plaintiff's Motion to Compel Arbitration is GRANTED, and TimberQuest's Motion for Entry of Judgment Under Rule 54(b) is DENIED.

I.  **Previous Cross-Motions for Summary Judgment**

Since July 2015, this case has fallen into a certain amount of disarray. The court reviews its prior ruling and the actions of counsel before resolving the pending motions.

This is a diversity case. Plaintiff was injured while riding on a zip line course at the Magic Mountain Ski Area in Londonderry, Vermont. He has sued TimberQuest, which operates the course, and Corporate Challenge, Inc. which is alleged to have designed and constructed the course. The court resolved several motions for partial summary judgment by order dated July 21, 2015. (Doc. 67.) These included:

> a. TimberQuest's request for a declaration that a $75,000 damages cap contained in an arbitration clause within an agreement entitled "Release of Liability, Waiver of Claims, Indemnification, and Arbitration Agreement" (the "Agreement"), which Plaintiff signed before riding the zip line, is enforceable.
>
> b. Plaintiff's cross-motion seeking to have the waiver, release, assumption of risk, and indemnity provisions of the Agreement declared void.
>
> c. TimberQuest's cross-motion seeking dismissal of Plaintiff's claim because Plaintiff released TimberQuest from liability for negligence by signing the Agreement.

The court held that the exculpatory clause in the waiver, which would bar any claim by Plaintiff against TimberQuest, was void as against public policy. The court also held that the arbitration clause was enforceable except for the provision that required the appointment of a third arbitrator who had to be "an officer or director of any entity that operates an aerial adventure park with zip lines in the United States." (Doc. 11-1 at 1.) The court ruled that, as reformed pursuant to the severability clause, the arbitration provision was valid. The clause permitted claims of less than $75,000 to be brought in court, but required that claims of $75,000 or more go to arbitration. It is obvious that Plaintiff's claim is in excess of $75,000. His medical expenses alone are approximately $1,000,000. Therefore, the court dismissed Plaintiff's claim against TimberQuest because it was either subject to arbitration (which was what the court expected to happen) or below $75,000 and therefore outside the court's diversity jurisdiction. However, Plaintiff's claim against Defendant Corporate Challenge, Inc. remains pending before the court because Corporate Challenge was not a party to the Agreement.

Since the July 21, 2015 opinion issued, all three parties have continued to take part in discovery. All three attended the court-ordered early neutral evaluation which did not result in a settlement. On September 24, 2015, Plaintiff demanded arbitration. (Doc. 83-7). TimberQuest has refused to arbitrate.

## II.  Current Motions Before the Court

Plaintiff asks the court to compel TimberQuest to arbitrate. In response, TimberQuest argues that (1) the court does not currently have jurisdiction to compel such arbitration, (2)

arbitration now would effectively deprive TimberQuest of its right to appeal the court's previous ruling on the composition of the arbitration panel, and (3) Plaintiff has waived any right to arbitrate having already used litigation to obtain a favorable ruling on a substantive issue. It asks the court to enter final judgment as to TimberQuest pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

### a. Motion to Compel Arbitration

The court first considers whether there is any reason TimberQuest should not proceed to arbitration at this time. In July 2015 when the court's prior order issued, there was no demand for arbitration by either side. Plaintiff has now made such a demand. As reformed, the arbitration clause is fully enforceable under the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 2. The court has in effect adopted TimberQuest's original position that to the extent Plaintiff's claim exceeds $75,000, it should go to arbitration.

The court plainly has jurisdiction to compel TimberQuest to arbitrate at this juncture. Under the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, *save for such agreement*, would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4 (emphasis added). When considering whether it has jurisdiction to compel arbitration under this provision of the FAA, "the district court should assume the absence of the arbitration agreement and determine whether it would have jurisdiction under [T]itle 28 without it." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) (internal quotation marks and citation omitted).

Here, the damages cap is contained within the arbitration clause of the Agreement (and specifically under the heading "Arbitration"). (Doc. 11-1 at 1.) If the court assumes the arbitration clause to be absent when considering its jurisdiction, as it must, then it also must assume the absence of all provisions included in that clause. The court would then clearly have

jurisdiction over this case on diversity grounds, as the parties are residents of different states and Plaintiff indisputably has a claim in excess of $75,000.[1]

TimberQuest also argues that if forced to arbitrate now, it will be denied the right to appeal the court's interlocutory order regarding the composition of the arbitration panel. The FAA makes it plain by its terms that an appeal of an interlocutory decision requiring arbitration must await the outcome of the arbitration. *See* 9 U.S.C. § 16(b). This is neither unfair nor unreasonable. One of the principal advantages of arbitration for both sides is the speed with which the hearing occurs. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) ("[T]he unmistakably clear congressional purpose [of the FAA is] that the arbitration procedure . . . be speedy and not subject to delay and obstruction in the courts"). Congress did not intend to force parties subject to arbitration clauses to wait for an initial appeal on the enforceability of such clauses. Instead, it provided for an immediate appeal only of court rulings *denying* arbitration. *See* 9 U.S.C. § 16(a); *see also Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) (FAA "permits immediate appeal of orders hostile to arbitration, . . . but bars appeal of interlocutory orders favorable to arbitration).

### b. Waiver of Arbitration

TimberQuest argues that Plaintiff waived his right to arbitration because he obtained a favorable ruling from the court on the Agreement's exculpatory clause, which would prejudice TimberQuest in any subsequent arbitration. The court disagrees.

As an initial matter, this dispute must be placed in the proper perspective: "[t]here is a strong presumption in favor of arbitration" and "waiver . . . is not to be lightly inferred." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104–05 (2d Cir. 2002) (citation

---

[1] Further, that TimberQuest asks the court to disregard the plain structure of the Agreement and find the damages cap to be separate from the arbitration clause is at odds with its previous representations before the court. (*See* Doc. 49 at 4–5 ("the arbitration provision that *contains* the damages cap appears under the separate heading "Arbitration" and cap "*appears within* the arbitration provision"); *id.* at 10 (cap not procedurally or substantively unconscionable "because it is *paired* with a provision which expressly grants Plaintiff the right to arbitrate his claim on fair and reasonable terms with no limitation on his recovery" (emphasis added).). Moreover, asserting a lack of jurisdiction at this point is inconsistent with TimberQuest's previous decision to file a cross-motion for summary judgment on a substantive issue unrelated to jurisdiction or arbitration, thereby affirmatively asking the court to exercise its jurisdiction over this case.

omitted). "[A]ny doubts concerning whether there has been a waiver are resolved in favor of arbitration." *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995). However, a party can waive its right to arbitration "when it engages in protracted litigation that prejudices the opposing party." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000). "There is no bright-line rule . . . for determining when a party has waived its right to arbitration," but courts "consider such factors as (1) the time elapsed from the commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice." *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107–08 (2d Cir. 1997); *see Brownstone Inv. Grp., LLC v. Levey*, 514 F. Supp. 2d 536, 544 (S.D.N.Y. 2007) ("waiver inquiry is fact-specific"). The Second Circuit has "recognized two types of prejudice: substantive prejudice and prejudice due to excessive cost and time delay." *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010). Substantive prejudice can take place "when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration," whereas expense prejudice "can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay and expense." *Thyssen*, 310 F.3d at 105 (quoting *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991)).

The court finds that, in light of the FAA's preference for arbitration, TimberQuest has not shown sufficient prejudice to overcome its "heavy burden" of establishing waiver. *See Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457, 466 (2d Cir. 1985). In its answer, TimberQuest raised the Agreement as an affirmative defense. (Doc. 11 at 8 ("Plaintiff agreed, by express written agreement with Defendant prior to participating in the sporting activity alleged in the Complaint, to submit any dispute with Defendant to binding arbitration, and therefore his action must be dismissed").) The parties then entered into a discovery schedule which provided for more than a year of trial preparation. (Doc. 16.)

TimberQuest was the first party to file a motion for summary judgment. (Doc. 44.) It did not seek to compel arbitration itself. Rather, it attempted to limit the amount of Plaintiff's claim to $75,000 or less because Plaintiff had chosen to file suit instead of demanding arbitration. TimberQuest sought to enforce the terms of the Agreement despite the likelihood – specifically

contemplated in TimberQuest's motion – that Plaintiff would seek to set aside the Agreement's exculpatory provisions as void against public policy for reasons outlined by the Vermont Supreme Court in *Dalury v. S-K-I, Ltd.*, 164 Vt. 329, 670 A.2d 795 (1995). The moving papers included a detailed examination of *Dalury* and subsequent decisions involving waivers of liability and pre-injury releases.

Plaintiff responded with his own motion for partial summary judgment, seeking to set aside the Agreement on the policy grounds already identified by TimberQuest. (Doc. 46.) TimberQuest renewed its arguments in a second motion for summary judgment. (Doc. 52.) It sought to enforce the Agreement as a valid exculpatory contract which relieved TimberQuest from any potential liability.

The court resolved these motions by holding that the Agreement violated public policy to the extent that it was offered as a complete defense to any liability on the part of TimberQuest. (Doc. 67 at 4–9.) As an arbitration agreement, it was flawed because it required the neutral member of the panel to be selected from the ranks of senior management in the zip line industry. As the Agreement contained a severability clause, the court reformed the arbitration clause by eliminating the requirement that, in effect, two of the three members of any panel would likely favor TimberQuest. (*Id.* at 11.) With that change in place, the court saw no further role for itself in this case. Either the case was beneath its jurisdictional limit – unlikely given the severity of Plaintiff's injuries and the cost of his care – or it was subject to binding arbitration with a neutral chair fairly selected by the parties or, failing agreement, by the court.

The court recounts the history of the case for a second time with an eye towards determining whether and exactly when Plaintiff can be seen to have "waived" his right to arbitration by engaging in the litigation process. At the outset of the case, TimberQuest raised the issue of arbitration in its answer but did not pursue it with a motion to compel. Instead, it entered into the discovery process and stipulated to a detailed and conventional discovery order.

TimberQuest filed the first motion for summary judgment and raised the issue of the invalidity of the Agreement itself. The parties exchanged memoranda on this issue and the court agreed largely with Plaintiff that to the extent the Agreement operated as an exculpatory agreement, it violated public policy.

6

If TimberQuest had wished to preserve the issue of the Agreement's exculpatory provisions for consideration by the arbitration panel alone, it had only to say so through a motion to compel arbitration. Such a motion could have been ripe as early as the time to answer. Instead, TimberQuest brought the policy issue before the court and engaged in significant briefing, including a second motion for summary judgment, before ultimately losing the issue at the trial level. Having raised the issue of the enforcement of the exculpatory clause itself, TimberQuest cannot complain that the ruling may have some effect on the conduct of the arbitration. The court makes no ruling on whether its decision on the summary judgment issue should be adopted or is binding upon the arbitration panel. That is a legal issue for the panel to resolve on its own. But the mere issuance of a ruling in response to TimberQuest's own motion (as well as the cross-motion by Plaintiff) does not constitute a waiver of arbitration by Plaintiff. *See Brownstone Inv. Grp.*, 514 F. Supp. 2d at 540 (no waiver where non-moving party aggressively pursued litigation in court and expedited discovery that it subsequently raised as grounds for prejudice).

The court does not consider the exchange of motions regarding the exculpatory clause to be the sort of extensive pre-trial litigation that amounts to waiver. *Contrast Cotton v. Slone*, 4 F.3d 176, 180 (2d Cir. 1993) (finding waiver where moving party "made several substantive motions" and "repeatedly invoked and submitted himself to the powers and procedures of the district court"); *Kramer*, 943 F.2d at 179 (finding waiver where plaintiff "engaged in extensive pretrial litigation" for over four years in multiple forums). "A common thread that emerges from the cases in which waiver was found where a party who sought arbitration had previously engaged in extensive litigation is an aspect that smacks of deliberate conduct or bad faith designed to secure a substantial benefit at the expense of the other party." *Brownstone Inv. Grp.*, 514 F. Supp. 2d at 544. That is simply not the case here. As the Second Circuit has noted, "a district judge can recognize the tactics of delay and harassment that operate to prejudice the opposing party and to cause him expense, thereby justifying a finding of waiver." *Sweater Bee*, 754 F.2d at 466. Plaintiff has not employed such a strategy.

Additionally, TimberQuest has not "suffer[ed] unique material harm," been "compelled detrimentally to alter [its] position," or found "its options substantially foreclosed" as a result of the court's earlier ruling on the exculpatory clause. *Brownstone Inv. Grp.*, 514 F. Supp. 2d at

7

544. The enforceability of the release, as well as the effect of this court's ruling, are arbitrable issues and the court's ruling is not automatically binding upon the panel.

TimberQuest can likewise not claim prejudice due to the cost of litigation. Plaintiff first demanded arbitration twelve months after filing his Complaint. Such delay, "insufficient by itself to support a finding of waiver," is not excessive given the circumstances of this case. *See id.* at 540; *contrast Leadertex*, 67 F.3d at 25 (finding waiver where motion to compel arbitration made "[o]nly at the eleventh hour, with trial imminent"); *This is Me, Inc. v. Taylor*, No. 89 Civ. 1339 (MJL), 1995 WL 28521, at *2 (S.D.N.Y. Jan. 25, 1995) (finding waiver where litigation had been active for over five years and parties had completed discovery). As Corporate Challenge is not a party to the Agreement, Plaintiff rightfully pursued litigation and proceeded with discovery against that defendant in this forum. That it also pursued litigation against TimberQuest long enough for the court to resolve the issues governing the Agreement's arbitration clause is not prejudicial. Additionally, the court notes that since its July 21st order, TimberQuest has voluntarily chosen to continue participating in discovery, despite having no obligation to do so. *Contrast Com-Tech Assocs. v. Comput. Assocs. Int'l, Inc.*, 938 F.2d 1574, 1577–78 (2d Cir. 1991) (finding waiver by moving defendants where plaintiffs were obligated to engage in "extensive depositions" and defendants did not assert right to compel arbitration until eighteen months after filing their answer).

### c. Motion for Final Judgment

Rather than be compelled to arbitrate, TimberQuest asks the court to enter final judgment in its favor, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The court must deny this motion, given the recently issued Second Circuit decision in *Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015).

One week after entry of its July 21st order, the Second Circuit decided *Katz*, which held, unequivocally, that when the district court refers all claims against a party to arbitration, the case must be stayed until the arbitration has concluded. As the *Katz* court observed, a dismissal does not "comport[] with the FAA's statutory scheme and pro-arbitration policy." *Id.* at 347. A stay on the other hand "enables parties to proceed to arbitration directly, unencumbered by the

8

uncertainty and expense of additional litigation, and generally precludes judicial interference until there is a final award." *Id.* at 346. Dismissal is no longer an option.

Accordingly, the court amends its prior order to stay all claims against TimberQuest pending the outcome of arbitration. *See* Fed R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates . . . the rights and liabilities of fewer than all the parties does not end the action as to any of the . . . parties and may be revised at any time before the entry of a [final] judgment").

### III. Conclusion

For the reasons stated above, Plaintiff's Motion to Compel Arbitration is GRANTED. TimberQuest's Motion for Entry of Judgment Pursuant to Rule 54(b) is DENIED.

Dated at Rutland, in the District of Vermont, this 9th day of February, 2016.

Geoffrey W. Crawford, Judge
United States District Court