```
                                                           U.S. DISTRICT COURT
                                                          DISTRICT OF VERMONT
              UNITED STATES DISTRICT COURT                       FILED
                          FOR THE
                     DISTRICT OF VERMONT                  2016 MAR 29  AM 11: 32

                                                                CLERK
                                                          BY_____
                                                             DEPUTY CLERK
```

| | |
|---|---|
| JOSEPH P. LITTLEJOHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:14-cv-200 |
| ) | |
| TIMBERQUEST PARK AT MAGIC, LLC, ) | |
| and CORPORATE CHALLENGE, INC., ) | |
| d/b/a ADVENTURE MÁS, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER RE:**
**CORPORATE CHALLENGE, INC.'S MOTION TO BIRFUCATE**
**(Doc. 111)**

Defendant Corporate Challenge, Inc. moves to bifurcate trial on liability and damages. For the reasons that follow below, the Motion to Bifurcate (Doc. 111) is DENIED.

The court's experience in tort cases involving serious injury has been that a single trial is far more efficient than two trials with two jury draws, two appearances on the stand by the plaintiff and other witnesses, two openings and closings, and two jury deliberations. These cases include *Levine v. Wyeth*, 2006 VT 107, 183 Vt. 76, 944 A.2d 179, *aff'd*, 555 U.S. 555 (2009) (pharmaceutical injury) and *Heco v. Johnson Controls, Inc.*, No. S-869-10-Cnc (Vt. Super. Ct. June 28, 2013) (product liability). Both cases involved severe injuries and liability issues at least as complex as those present in this case. The *Levine* trial lasted a week; the *Heco* trial lasted two weeks despite the appearance of at least eight expert witnesses. From the perspective of judicial efficiency, the single trial soundly defeats the bifurcated trial.

The other principal reason why bifurcation is sometimes sought is to avoid the spillover of sympathy for a badly injured person from the damages case into the liability issues. Since we never really know what drives jurors' decisions, it is difficult to measure the potential for unfair prejudice. The experience of this judge in the Vermont trial courts has been that jurors try very hard to answer the questions they confront as objectively as possible. Jury instructions typically

1

include warnings against sympathy for either party. In this case, an instruction could be drafted which would address Defendant's concern that Plaintiff's high medical expenses and significant disability should not govern the jury's decision on liability. *See Okraynets v. Metro. Transp. Auth.*, 555 F. Supp. 2d 420, 426 (S.D.N.Y. 2008) ("it must be presumed that juries are able to understand the court's instructions, and that juries follow these instructions").

The court's refusal to bifurcate the trial in the interests of judicial expediency is consistent with the general interpretation of Rule 42 of the Federal Rules of Civil Procedure. Rule 42(b) provides the district court with discretion to order separate trials of one or more issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." However, "[b]ifurcation is the exception rather than the rule," *Fraser v. Concord Gen. Mut. Ins. Co.*, No. 2:06-cv-210, 2009 WL 890123, at *1 (D. Vt. Mar. 30, 2009) and "whether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court." *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988). Here, where Defendant has not adequately demonstrated that separate trials would "promote convenience, avoid prejudice, expedite the resolution of the case or save expense," *see Fraser*, 2009 WL 890123, at *2, its Motion to Bifurcate (Doc. 111) must be DENIED.

Dated at Rutland, in the District of Vermont, this 29th day of March, 2016.

Geoffrey W. Crawford, Judge
United States District Court